**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted July 5, 2005[*]
Decided July 15, 2005

**Before**

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-1420

| | |
|---|---|
| ROBIN STRICKLAND, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Western District |
| | of Wisconsin |
| v. | |
| | No. 02-C-554-S |
| JO ANNE B. BARNHART, | |
| Commissioner of Social Security, | **John C. Shabaz**, *Judge.* |
| *Defendant-Appellee.* | |

**O R D E R**

On August 14, 2004, we issued an order finding that an Administrative Law Judge (ALJ) had not provided adequate reasons for rejecting Robin Strickland's social security benefits claim. See *Strickland v. Barnhart*, 107 Fed. Appx. 685 (7th Cir. 2004). We vacated the district court's affirmance of the ALJ's denial of benefits and remanded the case to the Social Security Administration for reconsideration. *Id.* After we issued our decision, Strickland filed a motion before the district court requesting attorneys'

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Accordingly, this appeal is submitted on the briefs and record. See FED. R. APP. P. 34(a)(2).

fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), in the amount of $32,316.04. The district court found that the EAJA entitled Strickland to compensation, but it awarded Strickland only half the amount she requested. Strickland appeals that result. Because the district court did not provide an adequate explanation for such a drastic decrease in Strickland's fee request, we vacate the court's decision and remand for further proceedings.

The EAJA enables a party that prevails against the United States in a civil action to collect attorneys' fees and litigation costs. See 28 U.S.C. § 2412(d). To claim this benefit, a court must find that: (1) the party seeking fees was a prevailing party in a civil action; (2) the party timely filed an application for fees; (3) the position of the United States was not substantially justified; and (4) the fees requested are reasonable. See 28 U.S.C. § 2412(d)(1)(B). The Commissioner of Social Security (Commissioner) did not cross-appeal the district court's finding that the position of the United States was not substantially justified (which means in this setting "justified to a degree that could satisfy a reasonable person," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). The only issue on appeal is therefore the court's reduction of the fee request.

The amount of fee awards is left to the discretion of the district court because of its "superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Yet a "district court may not arbitrarily reduce the number of hours requested; if it reduces hours it should provide a 'concise but clear explanation.'" *Smith v. Great American Restaurants, Inc.*, 969 F.2d 430, 439 (7th Cir.1992) (quoting *Tomazzoli v. Sheedy*, 804 F.2d 93, 97 (7th Cir.1986)." The judge must do more than "eyeball the request and if it seems excessive cut it down by an arbitrary percentage." *Heiar v. Crawford County*, 746 F.2d 1190, 1204 (7th Cir. 1984). Despite the deference we give to a district court's calculation, in other words, the court must still provide sufficient reasoning to enable a meaningful exercise of appellate review.

Here, we must remand for a new award because the district court reduced by half Strickland's requested fees and costs without providing an adequate explanation. In deciding to cut the district court fees by half, the court simply stated: "A review of the itemizations show duplication of efforts by two attorneys and a law clerk." Strickland's attorneys provided the court with seven detailed pages, itemizing the time spent by her legal team in six-minute increments. The court did not explain which increments were duplications. Indeed, as Strickland points out, even if there were complete overlap between the work of each lawyer and the law clerk, and all duplications were eliminated, a fifty percent cut would still be unjustified. Of the 59.3 hours requested for work conducted before the district court, the paralegal accounted for 4.15 hours, the first lawyer 37 hours, and the second lawyer 18.5 hours. Thus, if we were to assume that the work of the paralegal and the second lawyer were entirely redundant (an assumption for which we can see no basis from this vantage point), the

court should only have reduced the fee to 37 hours (a 38 percent reduction).

Similarly, the court cut the appellate fees by one-half, stating only, "[a] reduction by half would be reasonable considering the appellate brief expands on the district court arguments." To exercise meaningful appellate review, we need more than this. How much of an "expansion" of the arguments took place? Given the fact that parties are not even permitted to raise arguments on appeal that were not preserved at the district court level, it seems that the district court's statement would apply to virtually every appeal. Without knowing how much of the work done for district court purposes carried over virtually unchanged to the appellate level, we have no idea what percentage reduction would have been within the bounds of reason. As we have noted in the past, a "court's expression of general concerns accompanied by seemingly arbitrary cuts in billable hours is neither fair to litigants nor an appropriate basis for meaningful appellate review." *Hutchison v. Amateur Electronic Supply, Inc.*, 42 F.3d 1037, 1048 (7th Cir. 1994).

For the reasons stated above, the judgment of the district court is VACATED and the matter is REMANDED for further proceedings consistent with this order.